IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JIMMY MCBEATH                                                                                    PLAINTIFF

v.                                                          CIVIL ACTION NO. 4:11-cv-173-CWR-FKB

UNITED STATES OF AMERICA                                                                  DEFENDANT

## MEMORANDUM OPINION AND ORDER

Before the Court are the United States' motion to dismiss, Docket No. 3, and the plaintiff's motion to strike the United States' rebuttal on the motion to dismiss, Docket No. 9. Both motions have been fully briefed and are ripe for review. The motions are DENIED.

### I. Factual and Procedural History

The parties dispute whether the plaintiff, Jimmy McBeath, has satisfied the jurisdictional requirements of the Federal Tort Claims Act ("FTCA"), such that he may move forward with the claims presented to this Court. McBeath's complaint alleges that he suffered multiple personal injuries because of the negligent or reckless driving of an Army National Guardsman who caused an auto accident on October 26, 2005, while operating a Guard vehicle. Nearly two years later, McBeath initiated an administrative claim against the United States by sending a Standard Form 95 to the Department of Defense ("DOD"), via overnight delivery service, on October 24, 2007.[1] McBeath asserts that he never received any response regarding his attempt to invoke the administrative process. And he now argues that, because his claim "was never accepted nor rejected," he is entitled to seek damages under 28 U.S.C. § 2675(a).

The defendant has moved to dismiss this lawsuit pursuant to Federal Rule of Civil Procedure 12(b)(1). Although the defendant acknowledges that McBeath's administrative claim

---

[1] As indicated in the accompanying transmittal letter, McBeath's administrative claim form was sent to: The Department of Defense, 1400 Defense Pentagon, Washington, D.C. 29310-1400. Docket No. 6-1.

was received by DOD,[2] it contends that McBeath failed to timely present an administrative claim form to the appropriate agency, as required by the FTCA. The basis for this contention is two-fold: First, the defendant claims that DOD was not the appropriate agency for the purposes of McBeath's claim, which arises from conduct by the Army National Guard. Second, the defendant claims that McBeath's administrative claim was never presented to DOD because the parcel containing McBeath's Standard Form 95 was deemed undeliverable under Pentagon protocol and returned to McBeath's counsel on November 9, 2007.[3]

McBeath has moved to strike the defendant's rebuttal in its entirety. He argues that the rebuttal reflects an inappropriate change in position that is inconsistent with the assertions of the defendant's opening brief, where it denied having ever received McBeath's administrative claim. The defendant opposes the motion, contending that its rebuttal merely responds to information that McBeath presented for the first time in his response to the motion to dismiss.

Both motions are denied for reasons provided below.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge the trial court's subject-matter jurisdiction to hear a case. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A challenge of this type concerns "the most fundamental requirement of a court's [constitutional] authority" to adjudicate a case; the subject-matter jurisdiction requirement cannot be waived. *Chickaway v. United States*, 823 F. Supp. 2d 452, 454 (S.D. Miss. 2011) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)).

The party asserting jurisdiction "constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* (citations omitted). When a defendant's Rule 12(b)(1) motion makes a

---

[2] The defendant has offered evidence showing that the parcel was received and entered into its own parcel-tracking system before it was returned on November 9, 2007. Docket No. 8-1, at 3-4.

[3] McBeath's attorney denies having ever received the returned parcel. Docket No. 9-1.

"factual attack" by submitting "affidavits, testimony, or other evidentiary materials," the plaintiff must also "submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction." *Paterson v. Weinberger,* 644 F.2d 521, 523 (5th Cir. 1981). The motion should be granted "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle [him] to relief." *Ramming*, 281 F.3d at 161 (citation omitted).

### III. Law and Analysis

McBeath's claim is subject to the procedural requirements of the FTCA, which bars claims for money damages against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a). This requirement "is no mere procedural nicety," rather it stands as "a jurisdictional prerequisite to filing suit." *Chickaway*, 823 F. Supp. 2d at 455 (citations omitted); *see also In re FEMA Trailer Formaldehyde Products Liability Litigation*, 646 F.3d 185, 189 (5th Cir. 2011). *But cf. Scogin v. United States*, No. L-12-20, 2013 WL 391164, *2 n.3 (S.D. Tex. Jan. 30, 2013) (questioning whether the Fifth Circuit cases that find the FTCA limitations period to be jurisdictional, rely on abrogated precedent). If the agency has not finally ruled on a properly filed claim after six months, however, "the claimant may treat the agency's failure to act as a final denial and he may file his suit at any time thereafter." *McCallister v. U.S. ex rel. U.S. Dep't of Agric.*, 925 F.2d 841, 843-44 (5th Cir. 1991).

Both the FTCA and the Code of Federal Regulations offer guidance for identifying a properly presented claim under section 2675(a). The FTCA provides that administrative claims must be "presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified

or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). The statute defines the term "Federal agency" rather broadly, to include "the executive departments, the judicial and legislative branches, the military departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States." 28 U.S.C. § 2671. Federal regulations offer further instruction, providing that the appropriate agency is the one "whose activities gave rise to the claim." 28 C.F.R. § 14.2. Failure to meet any of these conditions would bar a lawsuit for failure to satisfy the FTCA's jurisdictional requirements. *In re FEMA Trailer Litig.*, 646 F.3d at 189.

Here, McBeath admits that the FTCA required him to file an administrative claim. He contends that he satisfied this requirement by submitting his claim to DOD, and that this litigation should therefore proceed. In support, he has provided copies of his administrative claims form (a Standard Form 95 Claim for Damage, Injury, or Death) and of the UPS tracking summary showing that the form was delivered to DOD on October 24, 2007—a date that satisfies the statue of limitations set forth in section 2401(b). Docket Nos. 6-1; 6-2.

The defendant's primary contention is that McBeath failed to present his claim to the appropriate agency within the statutory period. It argues that McBeath should have submitted his claim to the U.S. Army Claims Service—not DOD—and that his failure to timely do so means that his case must be dismissed.[4] The Court is not persuaded by this argument.

---

[4] The defendant cites Army regulations in support of its contention that DOD was not the appropriate agency. These regulations provide claimants with notice of the existence of the U.S. Army Claims Service ("USARCS") as "the agency through which the [Secretary of the Army] and TJAG [The Judge Advocate General] discharge their responsibilities for the administrative settlement of claims worldwide." 32 C.F.R. § 536.3(c). The regulations also provide a mailing address for USARCS. The defendant also contends that this information is available through a USARCS publication at this web address: https://www.jagcnet.army.mil/8525752700444FBA/0/DD22ACAC40D0C5918525782C0042A9B5?opendocument. The Court, however, could not access this website, and the document itself was not produced as an exhibit in support of this motion. The receipt of same, however, would not alter the Court's analysis.

The Army outlines how it treats claims received by DOD in the subpart to its own regulations governing "Investigation and Processing of Claims." 32 C.F.R. § 536. When a claim is received by the wrong agency, the Army's regulations mirror the Attorney General's, providing that "[r]eceipt of a claim by another federal agency does not toll" the FTCA's two-year statute of limitations. 32 C.F.R. § 536.26(f).[5] But when claims are received by DOD, Navy, or Air Force, the Army applies a different rule. For these claims, Army regulations provide that "[r]eceipt of a U.S. Army claim by DOD, Navy, or Air Force does toll" the FTCA's two-year statute of limitations. 32 C.F.R. § 536.26(f). If there were any doubt as to the propriety of McBeath's decision to mail his claim to DOD, subpart 536.26(f) gives strong indication that the Army—by its own terms—has approved DOD as a recipient of U.S. Army claims.

Notably, the regulations specify that a claim need only be "received" by DOD in order to toll the statute of limitations. The Court finds the evidence showing that McBeath's parcel was delivered to DOD and processed through its own tracking system sufficient to show that the McBeath's parcel was so received. Docket No. 8-1, at 3-4. And, in light of Army regulations tolling the statute of limitations for FTCA claims received by DOD, the Court finds that McBeath did timely file his administrative claim in satisfaction of the jurisdictional requirements of the FTCA. The Court finds no compelling reason to grant the plaintiff's motion to strike.

---

Alternatively, the defendant argues that McBeath should have presented his claim to the local office of the Mississippi National Guard, where it would have been properly forwarded. The defendant cites 32 C.F.R. § 536.50(k)(2)(ii) in support of this position, but the Court could not find this provision in the most current, or any previous, version of Code of Federal Regulations. And a citation to this provision appears in just one case in the entire WestlawNext "All Federal" database. *See Perez v. United States*, 167 F.3d 913, 918 (5th Cir. 1999) ("Section 536.50(k)(2)(ii) states that claims 'arising out of tortious conduct by ARNG [Army National Guard] personnel' received by the states 'will be expeditiously forwarded through the State adjutant general to the appropriate U.S. Army area claims office in whose geographic area the incident occurred.'") (alterations in original). In any case, the Court did not find this argument compelling, for reasons explained in the text.

[5] The Attorney General's regulations provide that an agency that receives a claim in error *must* transfer the claim to the appropriate one, "if the proper agency can be identified from the claim." 28 C.F.R. § 14.2(b)(1) (emphasis added). They further provide that the two-year statue of limitations is not tolled by the process of transfer, but continues to run until "the date [the claim] is received by the appropriate agency." 28 C.F.R. § 14.2(b)(1).

## IV. Conclusion

For these reasons, both the defendant's motion to dismiss and the plaintiff's motion to strike are DENIED. Within 10 days of the entry of this Order, the PARTIES SHALL contact the Magistrate Judge's chambers to set this matter for case management conference.

**SO ORDERED**, this 31st day of May, 2013.

s/Carlton W. Reeves<br>UNITED STATES DISTRICT JUDGE